UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MEGAN TIPTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:23-cv-01011-JRS-MKK |
| | ) |
| LASHELL TUNNER, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Megan Tipton seeks a writ of habeas corpus under 28 U.S.C. § 2254. She challenges prison disciplinary proceeding IWP 23-01-0081, in which she was found guilty of violating offense B-216, or sexual conduct with another incarcerated person. Dkt. 1 at 2; dkt. 7. After the disciplinary proceeding, she was sanctioned with a 20-day loss of earned credit time. Dkt. 1 at 2. For the reasons explained below, the disciplinary proceeding did not violate Ms. Tipton's due process rights, and her habeas petition is **denied**.

    **A.    Overview**

A court may grant a writ of habeas corpus under 28 U.S.C. § 2254 "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A prison discipline proceeding, such is at issue here, affects an inmate's "custody" if it resulted in a deprivation of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process or otherwise in violation of the Constitution. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d

934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## B. The Disciplinary Proceeding

On January 19, 2023, Roberta Jordan wrote a conduct report in case IWP-23-01-0081, charging Ms. Tipton with offense B-216, sexual conduct. Dkt. 7-1. The conduct report states:

> On January 19, 2023, at approximately 11:20 am, Ms. Tipton reported that she had sexual contact with another incarcerated individual at Indiana Women's Prison in November 2022. She is being charged with a 216 B sexual misconduct. Martha Tunstill, LPN was present for the entirety of the visit, including the time where Ms. Tipton admitted to sexual activity with another incarcerated individual.

*Id.*

On January 24, 2023, the screening officer notified Ms. Tipton of the charge and gave her a copy of the conduct report. Dkt. 7-2. The screening officer advised Ms. Tipton of her rights, and she pled not guilty *Id.* The screening report notes that for physical evidence Ms. Tipton "will bring her medical form to hearing to show she being putting slips in and no one respond so she lied to be seen." Dkt. 7-2 (errors in original).

On February 6, 2023, the disciplinary hearing officer ("DHO") held the hearing. Dkt. 7-5 Ms. Tipton pled not guilty again and stated she "was told to say that to get tested." *Id.* Ms. Tipton's petition further explains that she wanted to get tested for STDs and medical staff told her that the

2

only way to get tested was to say she had sexual contact with another incarcerated individual. Dkt. 1 at 2. The DHO found Ms. Tipton guilty based on the conduct report and the staff report from Martha Turnstill. Dkt. 7-5; *see* dkt. 7-4. Among other restrictions, the DHO sanctioned Ms. Tipton with a 20-day loss of earned credit time. *Id.*

Ms. Tipton appealed to the Facility Head and the Indiana Department of Correction ("IDOC") Final Reviewing Authority, both of which were denied. Dkt. 7-6; dkt. 7-7. She then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C.    Analysis

Here, Ms. Tipton raises two challenges to her disciplinary conviction and sanctions. First, she argues that Respondent violated her rights under the Health Insurance and Portability Accountability Act ("HIPAA") and IDOC policy by using her statements to the nurse about having sexual contact with another inmate as the basis for her disciplinary charge. Dkt. 1 at 4. Second, Respondent violated Ms. Tipton's Fourteenth Amendment rights by invading her privacy and discriminating against her by only issuing a write-up to her. Dkt. 1 at 5–6. Ms. Tipton is not entitled to habeas relief on either ground because she has not shown that she was deprived of her earned credit time in violation of the Constitution.

#### 1.    IDOC Policy and HIPAA

Ms. Tipton argues that she is entitled to habeas relief because Respondent violated IDOC Policies No. 01-04-104 and No. 01-02-101 by disclosing her health records without her permission and in violation of HIPAA. *See* dkt. 1 at 4, 7–9. Assuming that Respondent violated these policies, such violations still do not entitle Ms. Tipton to relief. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution."

3

*Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the ones at issue here, are not cognizable and do not form a basis for habeas relief on their own. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on [her] right to due process").

Furthermore, Respondent's purported violation of the federal statute HIPAA does not entitle Ms. Tipton to relief because HIPAA does not confer a private right of action. *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019) ("Congress left enforcement for violations to the Department of Health and Human Services, not to private plaintiffs."). In this way, HIPAA does not give Ms. Tipton a federally protected interest in her private medical information that she can enforce through court action—much less a habeas petition. *See Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009) (a state prisoner may obtain habeas corpus relief "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States").

### 2. Fourteenth Amendment

Ms. Tipton argues that her conviction violates the Fourteenth Amendment by violating her right to privacy and effecting cruel and unusual punishment by discriminating against her. *See* dkt. 1 at 6. As mentioned above, Respondent's violation of HIPAA does not necessarily violate the Fourteenth Amendment because it does not create a protected interest in personal medical

4

information. *See Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (concluding that the district court was correct to dismiss the plaintiff's complaint since the prison's disclosure of his sexually violent person status did not violate any liberty interest protected by the 14th Amendment and HIPAA does not confer a private right of action).

Second, Ms. Tipton has not shown that the conviction violated her constitutional right to equal protection under the laws because she has not alleged that Respondent discriminated against her because of her membership in a protected class. *See Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017) (explaining that the Equal Protection Clause of the Fourteenth Amendment prohibits state actors from purposefully treating members of a protected class differently from similarly situated members of an unprotected class). Instead of alleging that she is a member of a protected class and she was deprived of her earned credit time on that basis, Ms. Tipton merely states that she was the "only person to receive a write up." Dkt. 1 at 6. Nevertheless, simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Sherwin Manor Nursing Ctr. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994); *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir.1983). Thus, even though it may have been unfair for Respondent to only discipline Ms. Tipton, the Court cannot infer that her constitutional rights were violated absent more information.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ms. Tipton to the relief she seeks.

5

Accordingly, Ms. Tipton's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 5/7/2025

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MEGAN TIPTON
222541
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov